IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PRIME PROPERTY & CASUALTY INSURANCE, INC. | : : | Case No.: |
| Plaintiffs, | : : | |
| V. | : : | |
| JOSE MARTINEZ-PORTUOND, PEDRO CARDENAS, and FANCY FOODS | : : | JULY 1, 2022 |
| Defendants. | : : | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Prime Property & Casualty Insurance, Inc. ("Prime"), by and through its attorneys, Gerber Ciano Kelly & Brady LLP, as and for its Verified Complaint against Defendants, Jose Martinez-Portuond ("Portuond"), Pedro Cardenas ("Cardenas"), and Fancy Foods ("Defendants"), and in support thereof, states and alleges as follows:

**INTRODUCTION**

1. This action arises out of an underlying action which was commenced on or about January 13, 2021 in the Superior Court at Hartford styled <u>Catherine A. Pettit v. Jose M. Martinez-Portuond and Fancy Food Logistics LLC</u>. (FBT-CV21-6108413-S) and <u>Ben Kusinski v. Jose M. Martinez-Portuond, Fancy Food Logistics, LLC</u> (consolidated and collectively referred to as "Underlying Action").

2. Prime has been defending the claims against JOSE MARTINEZ-PORTUOND, PEDRO CARDENAS, and FANCY FOODS in the Underlying Action. Prior to the filing of this Declaratory Judgment Complaint, Prime advised Defendants, Portuond and Cardenas, that it is disclaiming any obligation to continue to defend, or to indemnify them in connection with the Underlying Action.

3.      This Complaint seeks a declaration that Prime is not obligated to defend or indemnify Defendants, Portuond and Cardenas, in connection with the Underlying Action as a result of their separate and individual refusal to cooperate in its defense, in breach of a conditional precedent to coverage under the Commercial Auto Insurance Policy which Prime issued to Fancy Foods ( "Prime Policy").

4.      As a there is an actual bona fide and substantial dispute concerning Plaintiff's obligations.

## VENUE AND JURISDICTION

5.      At all times hereinafter mentioned, Plaintiff Prime was and still is an Utah Corporation with its principal place of business in Sandy, Utah.

6.      Upon information and belief, Defendant, Jose Martinez-Portuond, is a resident of the State of New Jersey.

7.      Upon information and belief, Defendant, Pedro Cardenas, is a resident of the State of Florida.

8.      Upon information and belief, Defendant, Fancy Foods, is a foreign corporation doing business in the State of New Jersey.

9.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 2201 and 28 U.S.C. § 2202 because (1) there is an actual controversy between the parties, (2) the amount in controversy exceeds $75,000, exclusive of interests and costs, and (3) the matter is between citizens of different States.

10.     Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391, because the accident in the Underlying Action occurred in the District of Connecticut.

## FACTUAL BACKGROUND

A. The Underlying Action

11. On or about January 13, 2021, the underlying Plaintiff Catherine A. Pettit ("Pettit") commenced the Underlying Action. By the Complaint in the Underlying Action, Pettit alleges that Portuond was the operator of a 2006 PTR tractor trailer with New Jersey registration ("Vehicle"). Exhibit A, Cmplt, ¶3. The Vehicle was owned by Fancy Food Logistics LLC ("Fancy Food"). The Vehicle was traveling southbound on Route 8 in the Town of Bridgeport, County of Fairfield, State of Connecticut. Exhibit A, Cmplt, ¶3.

12. Defendant Cardenas is the Owner, Proprietor and Sole Agent of Defendant – insured, Fancy Foods.

13. The Vehicle struck the rear of Pettit's vehicle resulting in a chain reaction of collisions. Cmplt, ¶5. The complaint alleges Pettit suffered injuries as a result of her Vehicle being struck by Portuond's negligent operation of the Fancy Food Vehicle. Pettit alleges negligent conduct including but not limited to excessive speed, disregard for road conditions, failure to keep a safe distance, failure to apply brakes, and distracted while driving. Exhibit A, Cmplt, ¶6.

14. Pettit alleges Portuond was operating the Vehicle "as the servant, agent or employee of Fancy Food, within the scope of his general authority and/or any employment or other relationship that may have existed between them." Exhibit A, Cmplt, ¶11. The Underlying Action also alleges that Portuond was operating the Vehicle in furtherance of Fancy Food business interests. Exhibit A, Cmplt, ¶14. It is alleged Fancy Food was responsible for the acts of Portuond as his employer. Exhibit A, Cmplt, ¶12.

15. On or about December 29, 2020, the underlying Plaintiff Ben Kusinski ("Kusinski") file a Complaint which is part of the Underlying Action as it forms the basis for the same accident.

16. Kusinki alleges that on January 15, 2019, he was operating a 2015 Chevrolet work van when Portuond crashed into the vehicle directly behind Kusinski which pushed into Kusinki's vehicle and caused injuries.

**B.     The Prime Policy**

17. Prime issued a Commercial Auto Insurance Policy No. PC1803137 to Fancy Foods for the period of March 27, 2018 to March 27, 2019 ("Prime Policy"). The Prime Policy has a combined single limit of $1 million.

18. The Prime Policy provides, in part:

> **SECTION II - COVERED AUTOS LIABILITY COVERAGE**
> **A. Coverage**
> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".
> \*\*\*
>
> **SECTION IV - BUSINESS AUTO CONDITIONS**
> The following conditions apply in addition to the Common Policy Conditions:
> **A. Loss Conditions**
> **2.     Duties In The Event Of Accident, Claim, Suit Or Loss**
> We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:
> **b.** Additionally, you and any other involved "insured" must:
> **(1)** Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.
> **(2)** Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".
> **(3)** Cooperate with us in the investigation or settlement of the claim or defense against the

"suit".
**(4)** Authorize us to obtain medical records or other pertinent information.
**(5)** Submit to examination, at our expense, by physicians of our choice, as often as we reasonably require

### A. Prime's Disclaimer

17. Based on its investigation and Portuond's refusal to cooperate in its defense in the Underlying Action, Prime disclaimed a duty to further defend, or to indemnify, Defendant, Portuond.

18. Plaintiff made numerous attempts to bring about Defendant Portuond's cooperation through letters, telephone calls, and personal contact.

19. Based on its investigation and Cardenas' refusal to cooperate in its defense in the Underlying Action, Prime disclaimed a duty to further defend, or to indemnify, Cardenas.

### FIRST CAUSE OF ACTION - DECLARATORY JUDGMENT AS TO DEFENDANT JOSE MARTINEZ-PORTUOND

20. Plaintiff, Prime, hereby incorporates and realleges the allegations set for in paragraphs 1 through 19 above as if fully set forth herein.

21. A genuine and bona fide dispute, and an actual controversy and disagreement exists between Plaintiff and defendant, Portuond, as to whether Plaintiff has the duty to defend or indemnify Defendant, Portuond against the claims asserted in the Underlying Action.

22. Plaintiff exercised diligence and good faith in bringing about Defendant Portuond's cooperation.

23. Defendant Portuond deliberately breached the cooperation provision in the policy by openly disavowing any agreement to cooperate in the defense of the Underlying Action.

24. Defendant, Portuond, substantially and materially failed to satisfy contractual obligations to cooperate with the investigation and defense of the Underlying Action against him

despite Plaintiff having retained legal counsel to defend Defendant Portuond in the Underlying Action. Defendant, Portuond's complete failure to cooperate resulted in the inability to determine his status as an insured under the Policy, the inability to obtain documents and information related to the accident; and the failure to have Defendant appear for deposition in light of Court Order and Civil Procedure requirements.

25. Plaintiff has been substantially prejudiced by the actions and inactions of Defendant, Portuond, in the effort to investigate coverage and defend claims against its named insured and those potentially claiming coverage as an insured under the Policy.

26. Upon information and belief, Defendant, Portuond, disputes Plaintiff's position that it does not have a duty to defend and/or indemnify him for the claims alleged in the Underlying Action and he claims a defense and indemnity from Plaintiff for any and all damages alleged in the Underlying Action.

27. There is no pending action in which the issues to be determined by this declaratory judgment action will be decided.

28. Pursuant to the Uniform Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Plaintiff requests that this Court:

(a) Declare that Plaintiff has no duty to defend or indemnify Defendant, Portuond, in connection with the claims asserted in the Underlying Action,

(b) In the alternative, Plaintiff is entitled to a declaratory judgement, accounting and indemnification, for all costs, expenses and judgment incurred and/or sustained in the Underlying Action; and

(c) Grant any other relief this Honorable Court deems just and equitable under the circumstances, including an award of costs.

## SECOND CAUSE OF ACTION - DECLARATORY JUDGMENT AS TO DEFENDANT PEDRO CARDENAS

29. Plaintiff, Prime, hereby incorporates and realleges the allegations set for in paragraphs 1 through 28 above as if fully set forth herein.

30. A genuine and bona fide dispute, and an actual controversy and disagreement exists between Plaintiff and defendant, Cardenas, as to whether Plaintiff has the duty to defend or indemnify Defendant, Cardenas against the claims asserted in the Underlying Action.

31. Defendant, Cardenas, substantially and materially failed to satisfy contractual obligations to cooperate with the investigation and defense of the Underlying Action against him despite Plaintiff having retained legal counsel to defend Defendant Cardenas in the Underlying Action. Defendant, Cardenas's complete failure to cooperate resulted in the inability to determine his status as an insured under the Policy, the inability to obtain documents and information related to the accident; and the failure to have Defendant appear for deposition in light of Court Order and Civil Procedure requirements.

32. Plaintiff exercised diligence and good faith in bringing about Defendant Cardenas's cooperation.

33. Defendant Carendas deliberately breached the cooperation in the policy by openly disavowing any agreement to cooperate in the defense of the Underlying Action.

34. Plaintiff has been substantially prejudiced by the actions and inactions of Defendant, Cardenas, in the effort to investigate coverage and defend claims against its named insured and those potentially claiming coverage as an insured under the Policy.

35. Upon information and belief, Defendant, Cardenas, disputes Plaintiff's position that it does not have a duty to defend and/or indemnify him for the claims alleged in the Underlying Action and he claims a defense and indemnity from Plaintiff for any and all damages alleged in the Underlying Action.

36. There is no pending action in which the issues to be determined by this declaratory judgment action will be decided.

37. Pursuant to the Uniform Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Plaintiff requests that this Court:

(a) Declare that Plaintiff has no duty to defend or indemnify Defendant, Cardenas, in connection with the claims asserted in the Underlying Action,

(b) In the alternative, Plaintiff is entitled to a declaratory judgement, accounting and indemnification, for all costs, expenses and judgment incurred and/or sustained in the Underlying Action; and

(c) Grant any other relief this Honorable Court deems just and equitable under the circumstances, including an award of costs.

Dated: July 1, 2022

Yours, etc.
Gerber Ciano Kelly Brady LLP

*Joanna M. Roberto*

_____

Joanna M. Roberto
Attorneys for Plaintiff
Federal Bar No.: CT19558
228 Park Avenue South, Suite 97572
New York, New York 10003-1502
(516) 329.9403
File #:  1311.0004
jroberto@gerberciano.com

Philip Wilusz
Attorneys for Plaintiff
Federal Bar No.: CT29966
100 Corporate Place, Suite 210
Rocky Hill, CT 06067
(860) 516.9143
File #:  1311.0004
pwilusz@gerberciano.com